IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Felicia Marie Revels | ) | |
| And | ) | |
| Cherie Revels, | ) | |
| individually | ) | |
| and on behalf of all persons | ) | |
| similarly situated | ) CASE NO 22 CV 50284 | |
| as class representative under | ) | |
| Illinois Law and/or as | ) | |
| members of the Collective as permitted | ) | |
| under the Fair Labor Standards Act; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| Super 8 by Wyndam   And | ) | |
| AMMA Motel Inc., | ) | |
| And M & M Motel, Inc., | ) | |
| And | ) | |
| Kalpesh S. Patel | ) | |
| And | ) | |
| Vidyut Patel | ) | |
| as an individual | ) | |
| under the FLSA and Illinois Wage Laws | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | **ON ALL COUNTS** |
| Defendants. | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COME the Plaintiffs, Felicia Marie Revels and Cherie Revels, individually and on behalf of all others similarly situated, as a class representatives, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) and the Illinois Wage Payment and Collection Act (IWPCA), and brings

this cause of action against Defendants Super 8 by Wyndam (hereinafter referred to as "Super 8") and AMMA Motel Inc., (hereinafter referred to as "AMMA") and M & M MOTEL, INC (M & M) and against Individual Defendants Kalpesh S. Patel (hereinafter referred to as "Kal") and Vidyut Patel (hereinafter referred to as Vidyut) and in so doing states the following:

## NATURE OF THE ACTION

1. Plaintiffs, Felicia Marie Revels and Cherie Revels allege individually and on behalf of themselves, (Hereinafter references to "Plaintiffs" are inclusive of both Individual Plaintiffs) that they, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive minimum wage and overtime wages for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

2. Plaintiffs also bring claims that Defendants current policy and procedure and practice of paying wages is incorrect and fails to pay employees overtime wages correctly. Defendant has always and now currently pays its employees twice a month, for a period from the 1st to the 15th and 15th to the last day of the month. Thus Defendant pays for a seven day period, a second seven day period, and a third period of less than seven days; in violation of FLSA regulations requiring payment in seven (7) day periods.

3. Upon information and belief, Plaintiffs also allege that they were not paid for all hours worked and related claims brought pursuant to the IMWL, FLSA and IWPCA.

2

4.  Plaintiffs also bring claims that Defendants and Plaintiff/Class had Agreed to a set-rate-of-pay yet by shaving work time, Defendants violated the Agreement to pay a Set-Rate-Of-Pay by paying less per hour. (For extreme illustrative example: if an employee were paid $8.25 for 10 hours, but Plaintiff worked 20 hours, resulting in payment of a mere $4.125 per hour, not the Agreed-To rate of pay of $8.25 per hour).

5.  Further Plaintiff and Class are to be paid via IWPCA's statutory requirement to pay all hours worked.

6.

7.  This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act (IWPCA).

8.  This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay and/or minimum wage pay due to the above described policy and procedures of the Defendants for three years prior to this filed complaint.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

10. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the IWPCA.

11. The Court is authorized to issue a declaratory judgment.

12. Venue is proper in this Court.

13. Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFF

14. Plaintiff, Felicia Marie Revels, is a resident of the State of Illinois and a former employee of the Defendant Super 8.

15. Cherie Revels is a resident of the State of Illinois and a former employee of the Defendant Super 8, M & M and AMMA.

## DEFENDANT CORPORATE FACTS

16. Super 8 by Wyndam (hereinafter referred to as "Super 8") and AMMA Motel Inc., (hereinafter referred to as "AMMA") and M & M MOTEL, INC (M & M) are corporations or businesses which do business in Illinois and that Defendants provide services and products to customers from other states thus engages in the stream of commerce.

## JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANTS

## DEFENDANTS ARE ENTERPRISES THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE

## AND/OR INDIVIDUAL FLSA JURISDICTION

17. Defendants are enterprises that regularly and recurrently have at least two employees engaged in commerce.

18. Each of the Defendants, all Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited to the rental of motel rooms to customers from other states and/or the general public.

19. Super 8 by Wyndam, M & M and AMMA also engaged in commerce by accepting credit card payments from other states.

20. Further Plaintiffs and Class engaged in commerce via processing of sales to ultimate customers via use of those customers' credit cards which occur multiple times a day, thus via the use of credit cards, and transmittal of those transactions from state to state, the Plaintiffs and class engaged in commerce, these credit card transactions were/are for travel in state and out of state.

21. Room rental charges is not inconsequential rather are thousands of dollars a week at each location for each Defendant.

22. "*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce." **Jones v. E. Brooklyn Security Services Corp.,** No. 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting 29 U.S.C. § 203(s)(1)(A)).

23. Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354

24. Here Plaintiffs used computers, cleaning equipment, brooms, bags, and cleaning supplies that moved in interstate commerce.


## STATEMENT OF FACTS

**A.     DEFENDANTS policies and procedures and Compensation Practices fail to pay overtime wages for overtime work hours and/or pay proper overtime rate of pay and/or Minimum Wage of the Plaintiffs, Class and Collectisve**


25. Plaintiffs were employed by DEFENDANTS as hourly employees and they worked beyond forty hours, but Defendants failed to pay overtime at the proper and correct rate of pay; rather Defendants paid overtime hours at a straight time rate of pay.

26. Plaintiffs worked as an hourly non-exempt employees.

27. Plaintiff Felicia Marie Revels and Cherie Revels was paid straight time for all hours worked both for overtime hours and straight hours.

28. Plaintiff Felicia Marie Revels worked typically 60 hours each and every week, for which she was paid 60 hours times $12.00 per hour.

29. Plaintiff Felicia Marie Revels was not paid overtime rate for the 20 hours of overtime work hours she worked each week.

30. Plaintiff Felicia Marie Revels worked for Defendant Super 8 for about forty-five (45) days straight (without any days off) in May and June of 2022.

31.   Cherie Revels is a resident of the State of Illinois and a former employee of the Defendant Super 8, M & M and AMMA.

32.   Cherie Revels worked for Super 8 in January and February of 2021 and other periods of time.

33.   Cherie Revels worked for M & M in 2021 having been paid over $2,000 in her work for M & M.

34.   Cherie Revels worked for AMMA 8 in January and February of 2021 and other periods of time.

35.   Cherie Revels worked for both Super 8 and AMMA at the same time.

36.   Cherie Revels rate of pay working for both Super 8 and AMMA was $10.50 per hour in January and February of 2021.

37.   Upon information and belief, Plaintiff Cherie Revels worked for these Defendants or related entities previously, thus Plaintiff was not a new 90 day employee, thus she was not eligible to be paid at $10.50 per hour, rather she should have been paid the Illinois Minimum Wage of $11.00 per hour.

**DEFENDANTS OPERATE THREE INTERCONNECTED BUSINESSES IN A**

**SCHEME TO AVOID PAYING OVERTIME**

**AND DEFENDANTS' ARE JOINT EMPLOYERS**

**AND/OR A SINGLE EMPLOYER**

38.   Super 8 by Wyndam, and AMMA and M & M MOTEL operate three motels in Rockford in Illinois.

39.     Defendants are joint employers with the other Defendants as the three corporations operate three motels which operate as a single entity.

40.     All three of the Defendants are joint employers and/or operate under the same management.

41.     The joint employer and joint operations of the Defendants are demonstrated by the work of Plaintiff as well as the Class.

42.     Plaintiff Cherie Revels worked for all three of the Defendants, doing the same work for all three, that work included: customer service, customer sales, scheduling of customer reservations, answering phones, cleaning motel rooms and performing many other tasks for ALL the Defendants for which she received a pay check.

43.     The joint employer and joint operations of the Defendants are also demonstrated by the wages paid to Plaintiff. Plaintiff received bi-monthly pay checks from all three of the Defendants.

44.     Defendants Kalpesh S. Patel (hereinafter referred to as "Kal") and  Vidyut Patel (hereinafter referred to as Vidyut) is named as a Defendant pursuant to the FLSA, IMWL and IWPCA as these managers/owners were the ultimate decision makers for the various wage violations.

45.     The Individual Defendants were the owners/managers who decided to or approved of the decision to create three "separate" corporations.

**JOINT EMPLOYER FACTS**

46. All three Defendants should be treated as a single employer because the following shared aspects:

    a.  All three businesses use the same information on the Illinois secretary of state website for registration.

    b.  All three have the same President, Kalpesh S. Patel

    c.  All three have the same secretary, Kalpesh S. Patel.

    d.  All three have the same service agent, Kalpesh S. Patel

    e.  All three operate the same type of business: motel/hotel, though at two different locations.

    f.  All three motels operate in the same manner, sharing policy and procedures, employees, and management resources.

    g.  All three are owned by the same person(s)(believed to be Kalpesh S. Patel).

    h.  All three share control over operations (e.g., hiring, firing, payroll, advertising, overhead costs);

    i.  All three inter-mingled operations  (e.g.  one administrative operation for all three employers, one person scheduling and paying the employees regardless of which employer they work for);

    j.  All three share supervisory authority over the employees;

    k.  All three treat employees as a pool of employees available to all three companies;

    l.  All three shared clients or customers;

47. The joint employer and joint operations of the Defendants are demonstrated by the work of Plaintiff. Plaintiff worked for each and all of the Defendants for which she received a paychecks from each Defendant each payperiod and did work for each Defendant at all three locations.

48. The Department of Labor regulations provide guidance as to when a joint employer relationship exists:

Where the employee performs work which simultaneously benefits two or more
employers, or works for two or more employers at different times during the workweek, a
joint employment relationship generally will be considered to exist in situations such as:
(1) Where there is an arrangement between the employers to share the employee's
services, as for example, to interchange employees; or
(2) Where one employer is acting directly or indirectly in the interest of the other
employer (or employers) in relation to the employee; or
(3) Where the employers are not completely disassociated with respect to the
employment of a particular employee and may be deemed to share control of the
employee, directly or indirectly, by reasons of the fact that one employer controls, is
controlled by, or is under common control with the other employer.

29 .F.R. § 791.2(b).

49.     Here the Defendants share employees' services, in that both corporations operate

under the same management and facilities, and employees for one corporation

does work for and by direction of the other corporation.

50.     Plaintiffs and Collective work and efforts were given for the benefit of all the

employers.

51.     A determination of whether employment by a group of employers is to be

considered joint employment or separate and distinct employment for purposes of

the FLSA, however, depends upon all the facts in the particular case. 29 C.F.R. §

791.2(a)

52.     Joint employment is supported further by the sharing of facilities and other

management employees.

53.     For example the Owner/Manager of the Defendants, Kalpesh S. Patel, also

managed all three Defendant locations.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

**A.      Class Allegations under IMWL**

10

54. Plaintiffs bring state wage law claims, pursuant to the Illinois Minimum Wage Law (IMWL) 820 ILCS 105, as individual and class action. The IMWL Class is defined as all current, former and future employees of all three Corporate Defendants paid an hourly wage less than minimum wage and/or not paid overtime wages for overtime hours and/or not paid the proper rate of overtime pay for all hours over forty per week, and/or the policy and procedure of Defendants to pay via three allegedly separate corporations, which actually are one employer, thereby denying the IMWL class owed overtime wages and/or payment of the proper overtime rate.

55. Plaintiff's IMWL Class includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until a judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiff and the IMWL Class).

56. Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendants; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class and/or all properly salaried employees of Defendants.

57. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there

are hundreds of members of the Class based upon the fact that during the Class Period the Defendants employed from 35 employees. The numerosity is also demonstrated by the DEFENDANTS having a work force of 4-5 employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 35 persons in the IMWL Class.

58.     **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members.  The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

   a.  whether the Defendants employed Plaintiffs and the Class within the meaning of the IMWL.

   b.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records

   c.  whether the Plaintiffs and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL

   d.  whether Defendants engaged in a continuing policy, pattern or practice of failing to pay all overtime wages at the proper rate of pay which includes all compensation;

   e.  whether Defendants engaged in a policy and procedure of Defendants paying via three allegedly separate corporations, which actually are one employer, thereby denying the IMWL class owed overtime wages and/or payment of the proper overtime rate.

59. **Typicality**:    The claims of Representative Plaintiffs are typical of the IMWL Class.

60.    **Adequacy:** Representative Plaintiffs will fairly and adequately represent the interests of the IMWL Class.

61. **Superiority:**  A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in Court against corporate Defendants like Defendants.

62. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendants.

64. The Defendants has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65. IMWL violation claims are brought and maintained as a class for all IMWL claims asserted by the Plaintiff.

66. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendants.

68. The Defendants have acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**B.**     **<u>Class Allegations under the IWPCA</u>**

69. Plaintiffs brings state wage law claims, pursuant to the Illinois Wage Payment and Collection Act (IWPCA), as an individual and class action. The IWPCA Class is defined as all current, former and future employees of all three Corporate Defendants to whom Defendants violated the following IWPCA "Agreements":

    a. Defendants and Plaintiffs/Class had Agreed to a set-rate-of-pay yet by shaving work time, Defendants violated the Agreement to pay a Set-Rate-Of-Pay by paying less per hour. (For extreme illustrative example: if an employee were paid $8.25 for 10 hours, but Plaintiff worked 20 hours, resulting in payment of a mere $4.125 per hour, not the Agreed-To rate of pay of $8.25 per hour).

    b. Further Plaintiffs and Class are to be paid via IWPCA's statutory requirement to pay all hours worked.

70. Plaintiffs' IWPCA Class includes claims for all owed wages due for five (5) years for oral agreements and ten (10) years for written agreements prior to the filling of this complaint and until a judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the IWPCA Class).

71. Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendants; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class and/or all properly salaried employees of Defendants.

72. **<u>Numerosity:</u>** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the ten year Class Period the Defendants employed from 35 employees. The numerosity is also demonstrated by the DEFENDANTS having a work force of 4-5 employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 35 persons in the IWPCA Class.

73. **<u>Commonality</u>**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The

questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

    a.  whether the Defendants employed Plaintiff and the Class within the meaning of the IWPCA.

    b.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records

    c.  whether the Plaintiff and the Class were paid:

        i.  For all hours worked, and if Defendants secretly Shaved hours from the Classes wages.

        ii.  At the Agreed-rate-of-pay, or if by shaving work time, Defendants violated the Agreement to pay a Set-Rate-Of-Pay by paying less per hour.

        iii.  Via IWPCA's statutory requirement to pay all hours worked.

74. **Typicality**:  The claims of Representative Plaintiffs are typical of the IWPCA Class.

75.  **Adequacy:** Representative Plaintiffs will fairly and adequately represent the interests of the IWPCA Class.

76. **Superiority:**  A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against corporate Defendants like Defendants.

77.   The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

78.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

79.   The Defendants have acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

80.   IWPCA violation claims are brought and maintained as a class for all IWPCA claims asserted by the Plaintiffs.

81.   The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

82.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

83.   The Defendants have acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## C. The FLSA Collective Action

84.     Plaintiffs bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of DEFENDANTS who were, are, or will be employed by DEFENDANTS during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or the policy and procedure of Defendants to pay via three allegedly separate corporations, which actually are one employer, thereby denying the FLSAS Collective owed overtime wages and/or minimum wages and/or payment of the proper overtime rate.

85.     FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all hourly employees employed by Defendants.

86.     Defendants are liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of DEFENDANTS who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the

present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

87.     The Defendants' unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

88.     Defendants' consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

89.     Plaintiffs were paid at an hourly pay rate and is classified as "non-exempt" employees by Defendants.

90.     This is a FLSA violation because the Plaintiffs works beyond forty (40) hours, thus Plaintiffs are owed time-and-half of her <u>regular pay</u> for ALL hours beyond 40.

91.     Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

92.     The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

**<u>DEFENDANTS' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations</u>**

93.     DEFENDANTS required and permitted Plaintiffs to work more than 40 hours in a week and/or paid under minimum wages.

94.     DEFENDANTS unlawful conduct has been uniform, widespread, repeated and consistent.

95.     Defendants' willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

96.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

97.     All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Class Action Against Defendants**
**Under the Illinois Minimum Wage Law "IMWL"**

98.     Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

99.     Plaintiffs were employees of the Defendants pursuant to the IMWL.

100.    Plaintiffs were employed by DEFENDANTS as employees.

101.    It is a policy, procedure and job requirement of DEFENDANTS to pay its employees less than minimum wage and/or not pay overtime rate of pay for overtime hours of work.

102.    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendants' employees.

103.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

104.    Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

105.    Defendants employed more than four employees during the relevant periods of time.

## SECOND CLAIM FOR RELIEF

### (FLSA Claims, 29 U.S.C. § 201 et seq.)

106.    Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

107.    At all relevant times, DEFENDANTS has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

108.    At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs to work in excess of forty (40) hours per week without compensating such employees to pay its employees at a proper overtime rate of pay.

109.    At all relevant times, the work performed by employees including the Plaintiffs employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees'

principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

110. As a result of the Defendant willful failure to record or compensate its employees– employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

111. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

112. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

113. Plaintiffs seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

114. Plaintiffs seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

115. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

116. At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendants are/were an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

117.    Due to Defendants' FLSA violations, Plaintiffs  are entitled to recover from Defendants their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the IWML Class, IWPCA Class, and the FLSA Collective, pray for the following relief:

A.    Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

B    Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

C.    Compensation originating from DEFENDANTS company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

D.    An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

E.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

F.      Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

G.      Consequential damages;

H. and costs of this action; and

I.      Such other relief as this Court shall deem just and proper.

## THIRD CLAIM FOR RELIEF

## INDIVIDUAL AND CLASS ACTION PURSUANT TO IWPCA

118.    Plaintiffs repeat and re-allege all paragraphs of this complaint.

119.    Plaintiffs brings IWPCA claims for the following

   a.   Employees having deductions taken from work hours via shaving policy.

   b.   Defendant failing to maintain records of bonus time and deductions from same.

   c.   Failure to pay wages at "agreed-to" rates of pay.

   d.   Deductions taken without Consent as required by IDOL regulations.

   e.   Failure to pay wages within 13 days of the end of the pay period.

120.    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

121.    Upon information and belief, all class employees of the Defendant had the same policies imposed upon its employees.

122. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

123. Plaintiffs were not independent contractors, rather were employees of the Defendant by oral agreement and/or written contract.

124. Plaintiffs' employment were in the usual course of business for which such service is performed.

125. Plaintiffs do not possess a proprietary interest in the Defendant.

126. The Defendant is an "employer" under the terms of the IWPCA section

127. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

128. Individual Defendants are named as an employers, as they knowingly permitted violations of the IWPCA.

### **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

(A)    For an order of this Honorable Court entering judgment in Plaintiffs' favor against Defendant;

(B)    That the Court award Plaintiffs actual economic damages in an amount to be determined at trial,

(C)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et sea., and attendant regulations at 29 C.F.R. §516 et sea..;

(D)    A declaratory judgment that Defendant's

practices alleged herein violate the Illinois Minimum Act,

(E)     Judgment for damages for all unpaid regular
        wages and overtime compensation under the
        Fair Labor Standards Act, 29 U.S.C. §201, *et
        seq.,* and attendant regulations at 29 C.F.R.
        §516 et sea.:

(F)     Judgment for damages for all unpaid regular
        wages and overtime compensation under the
        Illinois Minimum Wage Law, and attendant regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201,
        *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to
        Plaintiffs during the applicable statutory period;

(H) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and
        attendant regulations;

(I) Judgment for any and all civil penalties to which Plaintiffs may be entitled;

(J) An order directing Defendant to pay prejudgment interest, reasonable attorney's fees and all
        costs connected with this action; and

(K) Order payment of punitive damages sufficient to deter Defendant's future retaliations.

(L) Such other and further relief as this Court may deem necessary, just and proper.


## <u>DEMAND FOR TRIAL BY JURY</u>

        Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all
questions of fact raised by the Complaint.

Dated: August 16, 2022                      Respectfully submitted,


                                    By:     _____-S-John C. Ireland_____
                                            John C. Ireland

                                            Attorney for the Plaintiffs and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL  60177
 630-464-9675        Facsimile 630-206-0889                     attorneyireland@gmail.com