IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Felicia Marie Revels )  | |
| And ) | |
| Cherie Revels, ) | |
| individually ) | |
| and on behalf of all persons ) | |
| similarly situated ) | CASE NO 22 CV 50284 |
| as class representative under ) | |
| Illinois Law and/or as ) | |
| members of the Collective as permitted ) | |
| under the Fair Labor Standards Act; ) | |
| ) | **Honorable Iain D. Johnston** |
| **)** | **Honorable Lisa A. Jensen** |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| Super 8 by Wyndam   And ) | |
| AMMA Motel Inc., ) | |
| And M & M Motel, Inc., ) | |
| And Kalpesh S. Patel ) | |
| And Vidyut Patel ) | |
| as individuals ) | **JURY TRIAL DEMANDED** |
| under the FLSA and Illinois Wage Laws ) | **ON ALL COUNTS** |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR FLSA COLLECTIVE NOTICE
And Related Relief**

NOW COME the Plaintiffs, Felicia Marie Revels And Cherie Revels, individually and on behalf of all others similarly situated, as class representatives, by and through their undersigned counsel of record, and motions this Honorable Court to allow for preliminary Notice to the FLSA Collective of this litigation and the opportunity for Defendants' hourly employees to join this Collective Action, and for Disclosure of Potential Opt-In Plaintiffs' Contact Information, and Court-Approved Notices,  and in so doing states the following:

1

## I. NATURE OF THE ACTION

This case is about Defendants, Super 8 by Wyndam, AMMA Motel, Inc, M & M Motel, Inc ("Defendants") policy of not paying overtime wages for overtime work hours for its hourly employees. (See Plaintiffs' Complaint; Docket Document #1; hereinafter referred to as "Cmplt"; generally and specifically ¶¶ 1, 25-36, 84-85). Plaintiffs' Complaint seeks recovery of unpaid overtime pay based on Defendants policy of paying its hourly employees straight-time pay for overtime hours. (Id. ¶¶ 1, 25-36, 84-85). Defendants pay Plaintiffs and all hourly employees [the Collective] their overtime hours at a straight time rate of pay. Plaintiffs seek payment of overtime wages paid at the proper and legal rate of pay, as Defendants paid the Plaintiffs (and FLSA Collective) at an insufficient rate of pay for overtime hours, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). (Id. ¶¶ 1, 25-36, 84-85).

### DEFENDANTS' OVERTIME PAYMENT POLICY

During relevant times preceding this action, Defendant employed hourly workers at two locations in Rockford, Illinois. (Id at ¶¶ 38 and 46). During relevant times Defendants have an overtime policy that failed to pay its employees overtime wages at an overtime rate of pay, and/or pays overtime wages at an improper rate of pay. (Cmplt; ¶¶ 1, 25-36, 84-85).

Defendants' policy is pled in the Plaintiffs' detailed complaint, however, Plaintiffs provide additional testimonial evidence to support this Motion for Collective Notice, via Affidavits, from both of the named Plaintiffs in support of this Motion and the claims generally. (See Plaintiff Felicia Marie Revels Affidavit attached to this Memorandum as Memorandum Exhibit 1; hereinafter referred to as "Ex. 1"). (See also Plaintiff Cherie R. Revels Affidavit; attached to this Memo as Memorandum Exhibit 2; hereinafter referred to as "Ex. 2"). Additionally, Plaintiffs submit evidence from the Defendants' own business records demonstrating the Defendants' failure to pay overtime for

overtime hours, and Defendants' failure to pay overtime at the proper/legal overtime rate of pay (See also Plaintiffs' paychecks; attached to this Memo as Memo Exhibit 3; hereinafter referred to as "Ex. 3") also attached and incorporated into Plaintiffs' Affidavits).

This Motion seeks to protect the rights of the current and former hourly employees affected by Defendants overtime pay policies. Plaintiffs request permission to send Notices to those hourly employees working for the Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), informing them of their right to join this case and allowing similarly situated employees to decide whether to seek their unpaid wages. Without the requested court-ordered notice, many workers will never learn about this case and their claims will slip away under the FLSA statute of limitations.

Plaintiffs ably support this Motion via an Affidavits/declarations, submitted pay-records and the detailed allegations of the Complaint. Via this evidence Plaintiffs demonstrate that the class of hourly employees were victims of a common policy of not paying overtime for overtime hours, and/or paying the overtime paid at the wrong rate of pay. Plaintiffs have thus provided more than the "substantial allegations" necessary to satisfy the "lenient standard" for conditionally certifying a collective action and authorizing notice under 29 U.S.C. §216(b).

## II. STATEMENT OF RELEVANT FACTS

Defendants operate two motels in Rockford, Illinois. (see Ex. 2 ¶¶ 30-34). The named Plaintiffs, Felicia Marie Revels And Cherie Revels, were employed by Defendants as an hourly employees. (Ex. 1 ¶ 8 and Ex. 2 ¶ 14). As hourly employees Plaintiffs were paid an hourly rate of either $10.50 or $12.00. ((Ex. 1 ¶ 8 and Ex. 2 ¶ 14). Ex. 3). However, neither Plaintiff was not paid overtime rate of pay for overtime work hours. (Cmplt ¶¶ 1, 25-36, 84-85). (Ex. 1. ¶¶ 8-11)(Ex. 2 ¶¶ 13-17; 28-29, 37-39). Instead of paying overtime at an overtime rate of pay, Defendants paid Plaintiffs and Collective straight-time rate of pay for overtime hours. This payment method of paying straight time for overtime

3

hours is confirmed by Plaintiffs' Affidavits and Plaintiffs' pay records.

Plaintiffs are similarly situated to all other hourly employees of Defendants. Plaintiff testifies that Defendants hourly employees were paid in the same manner, that all employees were paid overtime in the same manner and the same method as Plaintiffs were paid. (Ex. 1 ¶¶ 18-27). (Ex. 2 ¶¶ 43-49) Also Plaintiffs and other employees of Defendant have the same job duties and responsibilities, thus Plaintiff and other employees are similarly situated as to work duties. (Ex. 1 ¶¶ 18-27). (Ex. 2 ¶¶ 43-49).

### III. EVIDENCE IN SUPPORT OF MOTION FOR FLSA NOTICE

Plaintiff submits plenary evidence in support of this motion, including two Affidavits, Defendants' business records and a detailed complaint.

### Plaintiff Felicia M. Revels Affidavit

Firstly, Plaintiff Felicia M. Revels presents sworn testimony in support of this Motion for FLSA Collective Notice. (See Ex 1). In Plaintiff Felicia M. Revels's Affidavit Plaintiff testifies that she was an employee of the Defendant Super 8 and that the Defendant Super 8's pay policies were applied to her. (Ex 1 ¶¶ 4-17). Further Plaintiff Felicia M. Revels provides copies of her paychecks as further evidence of the existence and application of the Defendant's improper overtime policies. (Ex. 1 ¶9, see also Ex. 1 Affidavit Ex. 1; and Memo Ex. 3). Plaintiff further testifies that the "no overtime" policy was applied to all the employees of Super 8 (Ex. 1 ¶¶ 18-27) and that those other employees are similarly situated to herself in that other employees also worked over forty hours a week and had the same or similar job duties. (Ex. 1 ¶¶ 18-27). Finally Plaintiff provides the names of several similarly situated employees of Super 8. (Ex. 1 ¶ 21).

### Plaintiff Cherie Revels Affidavit

4

Plaintiff Cherie Revels also presents sworn testimony in support of this Motion for FLSA Collective Notice. (See Ex 2). Cherie Revels presents slightly different evidence, in that Plaintiff Cherie Revels worked for all three of the Defendants, Super 8 by Wyndam, M & M and AMMA. (Ex. 2 ¶¶ 7-9, 30-34). Plaintiff Cherie Revels testifies that some of her work was for the same Defendants and the same time and some at different times. (Ex. 2 ¶¶ 7-9, 30-34). In Plaintiff Cherie Revels's Affidavit Plaintiff testifies that she was an employee of the Defendants Super 8 by Wyndam, M & M and AMMA and that the Defendant's pay policies were applied to her. (Ex 2 ¶¶ 7-9, 13-29). Further Plaintiff Cherie Revels provides copies of her paychecks and W-4s as further evidence of the existence and application of the Defendant's improper overtime policies. (Ex. 2 Affidavit Ex. 1-4; and Memo Ex. 3). Plaintiff further testifies that the "no overtime" policy was applied to all the employees of all three Defendants (Ex. 2 ¶¶ 43-49) and that those other employees are similarly situated to herself in that other employees also worked over forty hours a week and had the same or similar job duties. (Id).

## Defendant Documents

This motion is further supported by the Defendant's business documents. (see Defendant's paychecks attached as Exhibits 3). The Defendant distributed these paychecks to the Plaintiffs; thus the paychecks are both an Admission and business record demonstrating the Defendant's overtime policies. (See Ex. 3).

In Exhibit three's business records, it is clearly seen that the Defendant failed to pay overtime pay for overtime hours. In these paychecks Plaintiff F. Revels was paid a total of 129.00 hours for the pay period of 5/16/2022 to 5/31/2022 paid on 6/6/2022. (Ex. 3) Thus on 6/6/2022 Plaintiff F. Revels was paid ALL 129 hours at a straight time rate of pay.

5

Regarding likely claims of hearsay, these documents are business records, and/or admissions against interest. Additionally in **Howard v. Securitas Security Services USA, INC Case No. 08 C 2746.** At 3 (ND Ill. Gottshall; 1/20/2009) allowed use of Hearsay documents in considering whether to issue a FLSA Collective Notice. The Court's finding reads in part:

> …..courts are split on whether it is appropriate to consider inadmissible evidence, such as hearsay, at this stage. *See Adair v. Wis. Bell, Inc.,* No. 08 C 280, 2008 WL 4224360, at *8 (E.D. Wis. Sept. 11, 2008) ("The courts, including those in [the Seventh C]ircuit, are split as to whether a plaintiff may rely on inadmissible evidence to make the requisite factual showing for conditional certification."). Compare *Molina,* 566 F. Supp. 2d at 788 ("Even if this testimony is hearsay that could not be considered at trial, it may be considered in deciding whether to permit a collective action."), with *Acevedo v. Ace Coffee Bar, Inc.,* 248 F.R.D. 550, 555 (N.D. Ill. 2008) ("Despite the liberal standard applied at step one of conditional certification, courts still require plaintiffs to make factual allegations supported by admissible evidence.").
>
> A strict application of the Federal Rules of Evidence does not comport with the court's understanding of relative evidentiary burdens imposed under the two-stage certification approach. *See Thiessen,* 267 F.3d at 1102-03 (distinguishing between the level of scrutiny applied during the two certification stages). On a § 216(b) motion, the case is at a preliminary stage, the motion is non-dispositive, and, typically, the plaintiff files without the benefit of discovery. *White v. MPW Indus. Servs., Inc.,* 236 F.R.D. 363, 368 (E.D. Tenn. 2006). These considerations suggest that "'plaintiffs need not come forward with evidence in a form admissible at trial.'" *Id.* (quoting *Coan v. Nightingale Home Healthcare, Inc.,* 1:05-CV-0101-DFH-TAB, 2005 WL 1799454, at *1 n.1 (S.D. Ind. June 29, 2005)).

Thus Plaintiff believes that the paychecks, which could be argued as hearsay, are admissible for this purpose.

Detailed Allegations

Plaintiffs' Complaint is not a typical two- or three-page "notice-only" pleading. (See Complaint). Rather Plaintiffs' pleading is detailed, twenty-six pages long, full of detailed factual allegations including specific dates, check amounts, hours worked and specific overtime violations. Such detail is yet another element that should support FLSA Notice to others.

6

The plaintiff may meet this burden by making substantial allegations of class-wide discrimination, that is, **detailed** allegations…...." *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir.1983) *Sperling v. Hoffman-LaRoche,* 118 F.R.D. 392 at 406-07, (D.N.J.1988) **Grayson v. K Mart**., 79 F.3d 1086, 1096 (11th Cir.), cert. denied, 519 U.S. 982, 117 S.Ct. 435 (1996). (emphasis added).

### III. ARGUMENT

Pursuant to 29 U.S.C. § 216(b), Plaintiffs file the current Motion for Conditional Certification of claims as representatives of a Fair Labor Standards Act ("FLSA") class under 29 U.S.C. § 216(b) and submits this Legal Memorandum and Exhibits in support of that Motion.

Plaintiffs ask this Court to certify an FLSA Collective consisting of the following persons:

> All hourly employees of all three Defendants employed any time after August 16, 2019, and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

### III.    COLLECTIVE ACTION STANDARD

In **Hoffman-La Roche, Inc. v. Spering**, the Supreme Court of the United States held that district courts have the discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt-in" to a collective action. 493 U.S. 165, 169, 110 S.Ct. 482 (1989). This is directly contrary to the FRCP 23 class action mechanism of "opting out" of a certified class. The key issue presented to the court exercising such discretion in certifying a collective class is whether the persons to whom notice would go are "similarly situated" to plaintiffs. 29 U.S.C. § 216(b); **O'Brien v. Ed Donnelly Enters., Inc.,** 575 F.3d 567, 583 (6th Cir. 2009); **Thiessen v. General Electric Capital Corp.,** 267 F.3d 1095 (10th Cir. 2001); 29 U.S.C. § 216(b). This inquiry is vastly different from that required under FRCP 23.

For a collective action to be created under '216(b), an employee need only show that

7

he/she is suing his/her employer for himself/herself and on behalf of other employees similarly situated. **Grayson v. K Mart Corp**., 79 F.3d 1086, 1096 (11th Cir.), cert. denied, 519 U.S. 982, 117 S.Ct. 435 (1996). Plaintiff claims need not be identical to those of putative class members, but need only be similar. *Id*.; **Tucker,** 872 F.Supp. at 947. Plaintiffs need only demonstrate 'a reasonable basis' that a class of similarly situated may exist. **Grayson** 1097.

The standard plaintiffs must meet is thus considerably 'less stringent' than the proof required pursuant to Fed.R.Civ.P. 20(a) for joinder or Fed.R.Civ.P. 23 for class certification. **Grayson v. K Mart**, 79 F.3d at 1096. See also, **Mooney v. Aramco Services Co**., 54 F.3d 1207, 1214 (5th Cir., 1995)(applying a "fairly lenient standard" for '216(b) determinations). A collective action does not, therefore, have to meet the Rule 23(a) criteria of numerosity, commonality, typicality, and adequacy of representation. It is also abundantly clear that the notice motion is not a ruling on the merits of the plaintiff's claims. **Grayson**, 79 F.3d at 1099 n.17; **Garner,** 802 F.Supp. at 423 n.3. See also, **Eisen v. Carlisle & Jacquelin**, 417 U.S. 156, 177 (1974) (plaintiffs need not demonstrate they will prevail on the merits to obtain class certification under the more demanding requirements of Fed.R.Civ.P. 23.

Discovery **is not** necessary prior to a determination on the issue of notice, **Mooney vs. Aramco Services Co.,** 54 F.3d 1207, 1213-1214 (5th Cir. 1995). Rather, a collective action is to be authorized and notice issued when the plaintiffs have demonstrated a reasonable basis for the allegations of the complaint. **Grayson**, at 1097. Even if Defendant provides contrary evidence, motion is not lost if counter-evidence engages the defendant's proof. **Id** at 1099.

In sum, all plaintiffs need demonstrate at this stage of a collective action is that 'there are other employees of the . . . employer who [may] desire to opt-in and that these other employees are similarly situated with respect to their job requirements and with regard to their pay provisions. **Dybach,** 942 F.2d at 1567-68; **Tucker**, 927 F. Supp. at 947. Plaintiffs may establish

8

this through detailed allegations in the complaint with some sworn evidentiary support. (see Plaintiff's detailed Complaint; Docket Document #1) (See also attached Plaintiffs' Affidavits Exhibits 1 and 2). Attached also to this Motion are the Defendant's business records; showing various overtime violations. (see Defendants' paychecks issued to Plaintiffs; attached to this Motion as Exhibit 3). **Grayson** at 1097.

One of purposes of notice is to apprize potential plaintiffs of the pendency of the action and to advise them of their right to opt into the case. Without notice defendants, who are violating the FLSA, will be allowed to continue the violation and continue to not pay overtime wages via the "no overtime" policy. (Id). As demonstrated, plaintiff has more than meet this standard for issuance of notice under '216(b).(See Complaint; Plaintiff's Exs. 1-3)

This case is at the notice stage and as such is subjected to a more lenient standard based solely on pleadings and affidavits. The Plaintiffs' pleadings and attached Plaintiffs' Affidavits contain an abundance of information supporting Plaintiffs' claims that there are other individuals similarly situated. (Exs. 1-3.).

### DEFENDANT'S OVERTIME POLICIES ARE IN VIOLATION OF FLSA

The Defendants' overtime policy and procedures clearly violate the FLSA. The Plaintiffs (and FLSA Collective) were not paid overtime wages at the correct rate of pay. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109; s*ee also Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 n.16 (1942).

Here, using Plaintiff checks as an example, Defendant clearly does not pay overtime on this basis. In one example, Plaintiff F. Revels was paid a total of 129.00 hours for the pay period

9

of 5/16/2022 to 5/31/2022 paid on 6/6/2022 and all 129 hours paid at a straight time rate of pay. (Ex. 3) Thus on 6/6/2022 Plaintiff F. Revels was paid ALL 129 hours at a straight time rate.

It is also undisputed that overtime hours should be paid at an overtime rate of pay. Yet Defendant fails to follow this foundational dictum of the FLSA. (See Exhibit 3).

**The Court Should Approve and Allow the Distribution of a Collective Action Notice.**

The Court should authorize collective notice at this stage of litigation as it would appropriately advance the remedial goals of the FLSA and promote judicial efficiency. Specifically, the Court should authorize the sending of an FLSA Notice and consent to join. Section 216(b) of the FLSA authorizes trial courts to provide that court-approved notice be sent to potential plaintiffs to inform them of an action and allow them an opportunity to opt-in. In **Hoffman-La Roche**, the Supreme Court of the United States held that such notice should be sent in the early stages of litigation, noting the "wisdom and necessity" of early court involvement in managing opt-in cases and facilitating notice. The Court further observed that allowing plaintiffs to proceed collectively benefits individuals by allowing them to pool resources and benefits the judicial system by allowing for efficient resolution of common issues. Sending court-approved notice early in a case promotes the "broad remedial purpose" of the FLSA and promotes efficient management by insuring that similar cases are combined in one proceeding.

**DEFENDANTS' OVERTIME POLICY IS COMMONLY APPLIED TO EMPLOYEES WORKING FOR ALL THREE DEFENDANTS'**

As set forth above, Plaintiffs were impacted by the Defendants' overtime policies, which is/was were commonly applied to all employees of all three Defendants. (See Cmplt., Ex. 1-3). This practice was common throughout the class, and thus raise common questions of fact or law which substantially predominate over any issues particular to any one class member. Judicial

economy, along with the important policy aims underlying the FLSA[1], will be served best if the common factual and legal questions arising adjudicated collectively in one proceedings.

All of these factors combined are sufficient to meet the "modest factual showing" that Plaintiffs and are "similarly situated" to the class for the conditional certification and notice stage. Indeed, courts in this district have conditionally certified collectives which were larger and less homogenous than that proposed herein. **Russell v. Illinois Bell Telephone**, 575 F. Supp. 2d 930, 937 (N.D.Ill. 2008)(conditionally certifying off-the-clock collective action to employees in four separate call centers); **Jirak**, 566 F. Supp. 2d at 848 (granting certification of a class of pharmaceutical representatives who worked in six different franchises); **Hundt v. DirectSat United States LLC,** No. 08 C 7238, 2010 U.S. Dist. LEXIS 51116 (N.D.Ill. 5/24/10)(finding that warehouse managers, warehouse supervisors, general managers, and field managers are similarly situated where they had similar job duties and were uniformly classified as "exempt"); **Smallwood v. Ill.Bell.Tel.Co.,** No. 09 C 44232, 2010 U.S. Dist. LEXIS 44232 *18 (N.D.Ill. 5/6/10) ("Plaintiffs are authorized to send notices of a collective action pursuant to Section 216(b) to all persons who are or have been employed by the Illinois Bell Telephone Company under the job description "Manager OSP Planning and Eng Design" for the three-year period prior to April 27, 2010, and who started working at Illinois Bell prior to May 16, 2009."). Minor factual differences among the class

---

[1] [1]The FLSA is remedial in nature, and "should be liberally construed so as to effectuate its humanitarian purposes." *Walling v. Consumers Co.,* 149 F.2d 626, 630 (7th Cir. 1945). In urging Congress to enact the FLSA, U.S. President Franklin Delano Roosevelt eloquently articulated its aims, and his words which bear remembrance: "Our nation so richly endowed with natural resources and with a capable and industrious population should be able to devise ways and means of insuring to all our able-bodied working men and women a fair day's pay for a fair day's work. A self-supporting and self-respecting democracy can plead no justification for the existence of child labor, no economic reason for chiseling workers' wages or stretching workers' hours." H.R. RP. 101-260, at 9 (1989), *reprinted in* 1989 U.S.C.C.A.N. 696, 696-97

members are not sufficient to defeat certification at the Notice stage, where as here, there is a common practice which impacts the class. **Garza v. Chicago Transit Authority,** No. 00 C 0438, 2001 U.S. Dist. LEXIS 6132 *9 (N.D.Ill. 5/8/01) ("That the Plaintiffs and other potential plaintiffs may have different jobs in the rail system, earn different amounts of money, and have attended different amounts or types of training does not mean that they are not operating under the same policies that allegedly entitle them to overtime pay").

### **POLICIES ARE COMMONLY APPLIED TO ALL EMPLOYEES**

As set forth above, Plaintiffs were impacted by failure to pay overtime wages at an overtime rate of pay, which are/were commonly applied to all employees of all three Defendants. These employees were subject to paying via three corporations. These practices were common throughout the class, and thus raise common questions of fact or law which substantially predominate over any issues particular to any one class member. Judicial economy, along with the important policy aims underlying the FLSA[2], will be served best if the common factual and legal questions arising these practices are adjudicated collectively in one proceedings.

All of these factors combined are sufficient to meet the "modest factual showing" that Plaintiffs and are "similarly situated" to the class for the conditional certification and notice stage. Indeed, courts in this district have conditionally certified collectives which were larger and less homogenous than that proposed herein. **Russell v. Illinois Bell Telephone**, 575 F. Supp. 2d 930, 937 (N.D.Ill. 2008)(conditionally certifying off-the-clock

---

[2] The FLSA is remedial in nature, and "should be liberally construed so as to effectuate its humanitarian purposes." *Walling v. Consumers Co.,* 149 F.2d 626, 630 (7th Cir. 1945). In urging Congress to enact the FLSA, U.S. President Franklin Delano Roosevelt eloquently articulated its aims, and his words which bear remembrance: "Our nation so richly endowed with natural resources and with a capable and industrious population should be able to devise ways and means of insuring to all our able-bodied working men and women a fair day's pay for a fair day's work. A self-supporting and self-respecting democracy can plead no justification for the existence of child labor, no economic reason for chiseling workers' wages or stretching workers' hours." H.R. RP. 101-260, at 9 (1989), *reprinted in* 1989 U.S.C.C.A.N. 696, 696-97

collective action to employees in four separate call centers); **Jirak**, 566 F. Supp. 2d at 848 (granting certification of a class of pharmaceutical representatives who worked in six different franchises); **Hundt v. DirectSat United States LLC,** No. 08 C 7238, 2010 U.S. Dist. LEXIS 51116 (N.D.Ill. 5/24/10)(finding that warehouse managers, warehouse supervisors, general managers, and field managers are similarly situated where where they had similar job duties and were uniformly classified as "exempt"); **Smallwood v. Ill.Bell.Tel.Co.,** No. 09 C 44232, 2010 U.S. Dist. LEXIS 44232 *18 (N.D.Ill. 5/6/10) ("Plaintiffs are authorized to send notices of a collective action pursuant to Section 216(b) to all persons who are or have been employed by the Illinois Bell Telephone Company under the job description "Manager OSP Planning and Eng Design" for the three-year period prior to April 27, 2010, and who started working at Illinois Bell prior to May 16, 2009."). Minor factual differences among the class members are not sufficient to defeat certification at the Notice stage, where as here, there is a common practice which impacts the class. **Garza v. Chicago Transit Authority,** No. 00 C 0438, 2001 U.S. Dist. LEXIS 6132 *9 (N.D.Ill. 5/8/01) ("That the Plaintiffs and other potential plaintiffs may have different jobs in the rail system, earn different amounts of money, and have attended different amounts or types of training does not mean that they are not operating under the same policies that allegedly entitle them to overtime pay").

## NOTICE REQUESTS
## US MAIL NOTICE REQUESTED

Plaintiffs request that the FLSA Notice be allowed via US Mail as is normal in these FLSA Collective Notice cases. Plaintiffs submits a draft US Mail Notice for review and approval by this court. (see Plaintiffs' proposed US Mail FLSA Notice; Exhibit 4).

### NOTICE POSTING AT DEFENDANTS' LOCATION(S)

Also because Plaintiffs anticipates being unable to reach many of the potential class

13

members with the contact information provided by Defendants, this Court should further direct Defendant to post the proposed notice in a conspicuous location at Defendant's Rockford Illinois location where class members would be most likely to see the notice. **Ondes v. Monsanto Co.,** U.S.D.C. Case No. 4:11-CV-197 (JAR) (ED. Mo. Jan. 10, 2012) (noting that "the Court does not require Plaintiff to provide a showing that mailed notice would be insufficient before it approves posting a notice in the workplace"); **Blakes v. Ill. Bell**., U.S.D.C. Case No 11-CV-336. *18 (N.D. Ill June 15. 2011) (granting plaintiffs permission to post bilingual notices at defendant's place of business "where other employment-related postings are placed"). **BWhitehorn,** 767 F. Supp. 2d 445, 449 ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."). Plaintiff also proposes a simplified posting notice. (see Plaintiffs' proposed Posted FLSA Notice and Consent, attached to this Motion as Exhibit 5).

### DRAFT EMAIL NOTICE

Lastly Plaintiffs ask that the court allow a court authorized Notice via email to the email addresses of the class members. Courts are now allowing such Notices via text and email. **Davis,** 2009 WL 102735, at *15 (granting class notice via postal mail and email). **Butler v. DirectSAT USA, LLC**, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("With regard to the use of email to notify potential plaintiffs of this litigation, 'communication through email is [now] the norm.'" (quoting *In re Deloitte & Touche*, *LLP Overtime Litig*., 2012 WL 340114, at *2 (S.D.N.Y. Jan. 17, 2012)); (see Plaintiff's proposed E-Mail FLSA Notice, attached to this Motion as Exhibit 7).

    **b. The Court Should Order Defendant to Provide the Names and Last Known Home, Work, Phone Numbers and Email Addresses of Potential Opt-in Plaintiffs.**

To facilitate the sending of the notice and consent forms, Plaintiffs also ask this Court for an Order directing all three Defendants to provide all contact information of anyone who worked for

Defendants any time three years after the filing of this suit on August 16, 2022. This includes but is not limited to: (1) the names of each and every potential Plaintiff who worked for Defendants any time after August 16, 2019, including any aliases they may have gone by; (2) the last known home and work addresses of the employees for the same time period; and (3) email addresses of any kind which Defendants is aware of for any such employee, (4) phone numbers of any kind which Defendants are aware of for any employees. While other employees joining of the Collective is contingent on filing of a Consent, Plaintiff asks the Notice period be based on the filing date, not the Notice date.

## IV. CONCLUSION

Plaintiffs' burden at this stage is lenient and easily met. Attached to Plaintiffs' Motion are the Affidavits/Declarations of Plaintiffs who worked for Defendants. (Exs. 1-2). They describe their duties and testifies as to other similarly situated employees. (Exs. 1-2). These sworn Declarations provides a sufficient factual description of the uniformity of treatment of Plaintiffs and members of the putative class endured as a result of Defendants' policies and procedures based on Defendants' policy and procedures which apply to all employees of Defendants. (Cmplt. ¶¶2-4, 63, 78, 84, 86-88, 91-103). (Ex. 1.) (See also Plaintiff's payroll records, Ex. 2.).

For these reasons, Plaintiff respectfully requests that this Court:
(1) Certify the requested collective and allow an opt-in period of sixty (60) days, beginning from the date of mailing/posting and other means of communications;
(2) Order Defendants to produce the full names, aliases, addresses, phone numbers, email addresses and last date(s) of all potential Collective members, and
(3) the last known work and home physical and email addresses and phone numbers of employees who worked for Defendant from August 16, 2022 to the present, no later than two weeks after the date of the entry of the Order;
(4) Approve a notice; and
(5) Approve transmittal of the Notice to members of the class via
   a) US Mail,
   b) Posted Message at Defendants' work sites
   c) Email.

15

        Respectfully submitted

        /S/ John C. Ireland
        Counsel for Plaintiffs, Collective

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL   60177
630-464-9675  Fax 630-206-0889
attorneyireland@gmail.com
dated 8/26/22