## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

FELICIA MARIE REVELS, *et al.*

        Plaintiffs,

    v.

SUPER 8 BY WYNDAM, *et al*

        Defendants.

Case No. 3:22-cv-50284

Honorable Iain D. Johnston

---

### MEMORANDUM OPINION AND ORDER

Plaintiffs Felicia Revels and Cherie Revels, individually and on behalf of similarly situated individuals, sued their former employers Super 8 by Wyndam (Super 8), AMMA Motel Inc. (AMMA), M & M Motel, Inc (M & M), Kalpesh Patel, and Vidyut Patel, for violations of the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law 820 ILCS 105/1, and the Illinois Wage Payment and Collection Act. Compl., Dkt. 1. Before the Court is Defendants' motion to stay and compel arbitration [15]. For the following reasons, the motion is denied.

### I. Background

The following facts are agreed upon except where noted. Plaintiffs were employed by AMMA and M & M which operated as motels in Rockford, Illinois. AMMA was owned and operated by K. Patel and V. Patel and was subsequently dissolved as a corporation in August 2021. M & M is owned solely by K. Patel and operates as a Super 8 by Wyndam. Felicia Revels began working for AMMA in 2018

and went to work for M & M in 2022. Similarly, Cherie Revels began working for
AMMA in 2019 and went to work for M & M in 2022. As part of the hiring process
at AMMA, Felicia and Cherie completed application forms and according to K.
Patel, to be hired by AMMA, every prospective employee had to sign an arbitration
agreement. Decl. K. Patel, Dkt. 15, Exh. B. K. Patel asserts that M & M adopted the
same hiring process as AMMA, so every employee was also required to sign an
arbitration agreement. Id. But Plaintiffs submitted affidavits that deny ever signing
an arbitration agreement as a condition of their employment at either AMMA or M
& M. Resp. to Mot. to Compel, Dkt. 27, Exh. 1, 2. Defendants, however, have
produced copies of signed arbitration agreements between the Plaintiffs and
AMMA. Still, Plaintiffs disagree whether an arbitration agreement exists with M &
M. Unfortunately for M & M, it is left with little evidence to support its assertion of
an arbitration agreement with Plaintiffs, because M & M cannot locate a copy of an
arbitration agreement with Cherie and the arbitration agreement it produced for
Felicia is missing M & M's signature.[1]

Plaintiffs alleges that Defendants had a policy of failing to pay their workers
the proper overtime rate under the FLSA and paying their workers below the
requirements of the Illinois Minimum Wage Law. Defendants then filed this
motion, contending that Plaintiffs' claims should be sent to arbitration per an

---

[1] The Court recognizes the discrepancy between Plaintiffs' affidavits and the signed
agreements with AMMA. "But this Court does not subscribe to th[e] principle [false in one,
false in all] and neither does the Seventh Circuit." *DR Distribs., LLC v. 21 Century
Smoking, Inc.*, 513 F. Supp. 3d 839, 870 (N.D. Ill. 2021) (citing *United States v. Edwards*,
581 F.3d 604, 612 (7th Cir. 2009)).

agreement the Plaintiffs allegedly signed. But Plaintiffs categorically deny the existence of an arbitration agreement with any of the Defendants.

## II. Legal Standard

A motion to compel arbitration is subject to the same standard as a motion for summary judgment. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The "opposing party must demonstrate that a genuine issue of material fact exists." *Id.* "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.* The opposing party must also offer "concrete evidence from which a reasonable juror could find that this matter should not be compelled to arbitration." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Federal Arbitration Act (FAA), "governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts in both state and federal courts." *Jain v. De Mere*, 51 F.3d 686, 688 (7th Cir. 1995). "Under the FAA, arbitration must be compelled if the following three elements are shown: (1) a written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). However, the Court "must decide whether a contract exists before it decides whether to stay an action and order arbitration." *Janiga v. Questar Cap. Corp.*, 615 F.3d 735, 740 (7th Cir. 2010) (quoting 9 U.S.C. § 2). Although the FAA reflects a liberal federal policy favoring arbitration, "federal law places arbitration clauses on equal footing with other contracts, not above them." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017);

*A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018). Therefore, the party seeking to compel arbitration has the burden of establishing an agreement to arbitrate. 9 U.S.C § 4; *Credit One Bank, N.A.*, 885 F.3d at 1063. But if the existence or making of an arbitration agreement is seriously disputed "the court shall proceed summarily to the trial" on the matter. *Tinder*, 305 F.3d at 735; 9 U.S.C. § 4.

## III. Analysis

To compel arbitration under the FAA, the Court must first determine whether there is a written agreement to arbitrate a claim against a party. *Zurich Am. Ins. Co*, 417 F.3d at 687. Because Plaintiffs dispute that a valid arbitration agreement with M & M exists, the question before the Court is a threshold matter.[2]

### a. Cherie Revels

Plaintiff Cherie's argument against arbitration is not that she does not *remember* signing an arbitration agreement, instead she categorically denies ever signing an agreement to arbitrate with M & M. Dkt. 27, Resp. at 5. In support of her denial, Cherie points to M & M's inability to produce a copy of an arbitration agreement and any other employment paperwork for her time at M & M in 2021. The president of M & M, K. Patel, concedes that he is unable to locate any paperwork for Cherie in 2021, but insists that it was only due to disorganized record keeping, not because an agreement did not exist. Decl. K. Patel ¶ 9, Dkt. 15, Exh. B

---

[2] Defendants, however, have produced copies of signed arbitration agreements between the Plaintiffs and AMMA. Supp. Reply, Dkt. 31, Exh. A, B. Since the filing of the motion to compel arbitration, Plaintiffs have changed course and submitted a demand for arbitration with the American Arbitration Association for their claims against AMMA. Dkt. 27 at 15. The parties also submitted an agreed order dispensing with the portion of the motion to compel arbitration involving AMMA, which the Court will enter separately.

K. Patel asserts that it was standard hiring procedure to present each prospective employee with the same hiring documents and a mandatory arbitration agreement, and the hiring of Cherie followed that standard practice. *Id.* Nevertheless, Cherie argues that because M & M cannot produce a copy of the alleged arbitration agreement, it fails to meet its burden of demonstrating that an agreement exists. The Court agrees that M & M has indeed failed to meet its burden. *Credit One Bank, N.A.*, 885 F.3d at 1063. Cherie's affidavit and denial creates a genuine dispute of material fact that satisfies the summary judgment standard of Federal Rule of Civil Procedure 56 as applied to a motion to compel arbitration. *Tinder*, 305 F.3d at 735 [3]; *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50–51 (2d Cir. 2022) (finding that an employee's sworn statement that he did not sign an arbitration agreement is sufficient to create a genuine issue of fact). Because there is a genuine dispute about the existence of an arbitration agreement between Cherie and M & M, Cherie is entitled to the procedural protections afforded by the FAA which requires additional discovery, and, if necessary, a trial. *Tinder*, 305 F.3d at 735; 9 U.S.C. § 4.

**b. Felicia Revels**

Plaintiff Felicia does not dispute the existence of an agreement but disputes the enforceability of her arbitration agreement with M & M. Dkt. 27, Resp. at 3–4. Felicia asserts that although M & M produced a copy of an arbitration agreement

---

[3] In *Tinder*, the Seventh Circuit recognized the distinction between an affidavit asserting only that the employee did not remember a fact and an affidavit that affirmatively asserts that a fact does not exist.

she signed on May 13, 2022, it cannot be enforced because M & M did not
countersign the agreement. Dkt. 30, at 18–20. "In determining whether a valid
arbitration agreement exists between the parties, a federal court should look to the
state law that ordinarily governs formation of contracts." *Dr. Robert L. Meinders,*
*D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 857 (7th Cir. 2015). But because
M & M is the party seeking to compel arbitration, it has the burden of
demonstrating the enforceability of the agreement. *Credit One Bank, N.A.*, 885 F.3d
at 1063.

M & M's only argument is that it is settled contract law that the offeror
controls and dictates the terms of acceptance, not the offeree; therefore, it is
inconsequential that it did not countersign the arbitration agreement. D.'s Reply,
Dkt. 29 at 4–5 (citing *Izumi Saika v. Ocwen Loan Servicing, LLC*, 357 F. Supp. 704,
712 (N.D. Ill. 2018)). But M & M's argument is more harmful than beneficial to its
position. As demonstrated by the arbitration agreement document itself, the
agreement delineated the method of acceptance by including a signature page and
signature blocks for the respective parties. Dkt. 30 at 18–20. The employee should
sign over the signature block titled "Employee," and a representative for M & M
was supposed to sign on the conspicuous and unambiguous signature block titled
"M & M Motel, Inc." Id. The Court cannot discern any other purpose for placing a
signature line for M & M unless it was to require an authorized signature as a
condition of mutual assent. And the requirement of a signature by both parties is
further evidenced by the arbitration agreements Plaintiffs had with AMMA, which

6

Defendants claim are identical to the agreements with M & M, and Plaintiffs claims against AMMA have subsequently gone to arbitration. In those agreements, a representative for AMMA signed over the signature block for the company. Dkt. 30, at 36–38, 54–57. M & M and K. Patel cannot play both sides of the same coin, K. Patel insists that his companies do not deviate from standardized hiring procedures; but they have provided no explanation for their deviation from standard procedure by their failure to sign Felicia's arbitration agreement. The Court is also not persuaded by M & M's self-serving statement that the agreement is enforceable because its acceptance of the terms of the arbitration agreement is clear by its subsequent hiring of Felicia. Nevertheless, because M & M has not cited any case that supports its argument and instead solely relies on the filing of a partially executed arbitration agreement in Felicia's personnel file, M & M has failed to meet its burden of demonstrating a valid arbitration agreement with Felicia or its contemporaneous intent to be bound by an arbitration agreement.

## IV. Conclusion

For the above reasons, the Defendants' motion to stay or compel arbitration is denied. The case will proceed with discovery on the existence of a valid arbitration agreement with the Plaintiffs and M & M, or, if necessary, to trial on the issue.

Date: May 23, 2023

Honorable Iain D. Johnston
United States District Judge

7