IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Felicia Marie Revels,<br>Cherie Revels,<br>And<br>Julie Burton<br>individually<br><br>　　　　　　　　　Plaintiffs,<br>　　　vs.<br><br>Super 8 by Wyndam   And<br>AMMA Motel Inc.,<br>And M & M Motel, Inc.,<br>And<br>Kalpesh S. Patel<br>as an individual<br>under the FLSA and Illinois Wage Laws<br><br>　　　　　　　　　Defendants. | ) <br>) <br>) <br>) <br>) <br>) CASE NO 22 CV 50284<br>) **Honorable Iain D. Johnston**<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) **JURY TRIAL DEMANDED**<br>) **ON ALL COUNTS**<br>) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT FOR PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

　　Comes Now Plaintiff, Julie Burton, through her counsel and Moves this Honorable Court to enter an Order granting Plaintiff's Motion for Summary Judgment against Defendant AMMA, in support Plaintiff respectfully states the following.


STATEMENT OF FACTS

　　AMMA was a business operating a motel in the State of Illinois (in Rockford) employing six to seven employees at the relevant time. (See Plaintiff's Statement of Facts; hereinafter referred to as "PSOF") (PSOF #1). Defendant AMMA rented rooms to out of state members of the traveling public. (PSOF #2).

1

Plaintiff Julie Burton was an employee of AMMA. (PSOF #3). Plaintiffs Cherie Revels, Felicia Marie and Julie Burton worked as non-exempt employees for Defendants. (PSOF #4). On January 28, 2021 Plaintiff Burton applied for employment and that she started working for AMMA on February 1, 2021 and that Burton quit her employment on February 18, 2021. (PSOF #5)

According to Defendant Patel, Plaintiff Burton's only job duty was to clean rooms and rooms only; she never did any laundry though every other Defendant employee did laundry. (PSOF #6). Though in one instance Defendants admitted that Plaintiff Burton might have "helped with garbage". (PSOF 6).

## DEFENDANTS HAVE NO ACTUAL TIME KEEPING RECORDS

During Plaintiff Burton's employment with AMMA the Defendant's records policy did not record the start time, end time, nor break times of the Plaintiff Burton's work hours. (PSOF #7). Defendant did not record the starting time for Plaintiff Burton. (PSOF #8). Defendant did not record the stopping time for Plaintiff Burton. (PSOF #9).

Defendant does not have the time records of the total hours Plaintiff was present and working at the motel. (PSOF #10). Defendant's only records of Plaintiff Burton's work is recorded on "housekeeper sheets" which recorded only the number of rooms cleaned. (PSOF #11). Defendant paid Plaintiff Burton based only on the number of rooms cleaned. (PSOF #11).

Defendant's "housekeeper sheets" only recorded the room number, the guest name and what services were provided, but not any time entry (starting/ending/break). (PSOF #12). According to Defendant, Plaintiff's scheduled start time was 9:00 AM or 10:00 AM and that she began work at either 9 or 10 AM. (PSOF #13). However, Defendant has no record of what time Plaintiff Burton began working on Plaintiff's first work day for the motel. (PSOF #14). Defendants have no record nor information if Plaintiff Burton took a lunch on Plaintiff's first

2

work day at the motel. (PSOF #15) On Plaintiff's first work day, on February 1, 2021, Defendant has no record about what time Plaintiff Burton ended her work day. (PSOF #16). According to Defendant Plaintiff would work until "she finishes all her rooms, cleans all her rooms". (PSOF #17). Defendants have no means to verify if Plaintiff Burton was paid in full for all the hours she worked for Defendants. (PSOF #18).

## DEFENDANTS GUESSED THE AMOUNT OF WORK HOURS BUT HAS NO ACTUAL TIME RECORDS

Defendant's basis of the payroll for Plaintiff Burton was paying one hour for three rooms cleaned. (PSOF #19). Defendants paid Plaintiff Burton "by the hour" based only on an estimation of the work time, not actual recorded work hours with Defendant paying Plaintiff 20 minutes "per room cleaned", not actual time worked. (PSOF #20).

Defendants would add up the number of rooms cleaned, and that (and that alone) was the basis for payroll for Plaintiff Burton. (PSOF #21). Defendants time keeping materials only recorded the alleged numbers of rooms cleaned by Plaintiff Julie Burton. (PSOF #22).

Defendant testified that Plaintiff Burton was paid hourly, but that the pay was not based on clocked hours, rather based on an estimate that the 'average time" to clean three rooms was one hour and therefore Defendants paid twenty minutes per room. ((PSOF #23)

## DEFENDANT LACKS RECORDS OF PLAINTIFF'S ACTUAL WORK HOURS

For Plaintiff's first day of work Defendants produced a record nine (9) rooms cleaned, but Defendants have no record of how many actual hours Plaintiff worked to do this cleaning of nine rooms. (PSOF #24). Defendant estimated that if Plaintiff came in at 1000 AM and had five rooms that she would be done working before, 11:30 or 11:45 AM or 1200 PM. (PSOF #25). If

3

Plaintiff Burton cleaned three rooms, she would be paid for an hour's work. (PSOF #26). Defendants paid Plaintiff Burton for all rooms, even "stay-over rooms" that did not require cleaning. (PSOF #27). According to Defendants if Plaintiff cleaned five rooms that would take approximately 1.5 hours and cleaning ten rooms would be double that, or 3 hours, or just over three hours. (PSOF #28). Defendant claims that Plaintiff Burton worked an equivalent of 27 hours and was paid at a rate of $10.50 per hour. (PSOF #29). Defendant testified that Plaintiff Burton's net pay was $244.77. (PSOF #30).

Defendant claims that Plaintiff was observed cleaning the various rooms that she was assigned. (PSOF #31). Every pay period, Defendants calculated the number of rooms that were cleaned. (PSOF #32). Based on those rooms, she was paid. (PSOF #32). There was never any indication from Plaintiff or anyone else that any of the rooms she cleaned required an inordinate amount of time (PSOF #33) but Defendant has no idea the amount of hours actually worked by Plaintiff. (PSOF #18). Plaintiff's second check paid Plaintiff seven hours at $10.50 per hour, but Defendants have no idea the number of actual hours of work Plaintiff for this pay period. (PSOF #42).

For Plaintiff's first check Plaintiff was paid 20 hours, but Defendants have no idea nor record of the actual time Plaintiff worked in those three pay periods. (PSOF #43). Defendant agrees that if an employee works eight hours and cleans only five rooms, that paying just 5 X 20 minutes would not be full and legal compensation. (PSOF #44). Defendant Patel believes that he and employees are free to draft and agree to a contract that changes federal law. (PSOF #45).

## PROCEDURAL HISTORY OF THIS CASE AND ALL THREE PLAINTIFFS
### The Revels Litigations

In August of 2022 Plaintiffs Felica and C. Revels filed FLSA/IMWL and IWPCA claims for owed wages. (Dkt. #1). After a year of prolonged litigation Plaintiffs Felica and C. Revels

4

accepted Rule 68 Offers of Judgment in August of 2023. (PSOF # 48-49)(Dkt. # 52). The Offers of Judgment included offers to pay Plaintiff's Fees and Costs. (PSOF # 50) (Dkt. # 52). The Revels were paid in full, though Defendants have made no fee payments and no fee petition has been allowed. (See Docket).

### Burton Litigation (Thus Far)

Shortly after filing the initial Complaint, on November 7, 2022, another former employee of Defendants, Julie Burton, joined the case by filing her FLSA Consent. (See Dkt. # 19). At the time of the filing of the Consent, Defendants had a pending a Motion to Enforce an alleged Arbitration Agreement(s) of the Revels. (Dkt. # 15). The Defendants Motion for arbitration had been filed on October 24, 2022. Yet Defendants failed to seek to enforce the alleged arbitration agreement against Plaintiff Burton at any time. Defendants did not file a Motion for arbitration nor did Defendants seek to file a motion to amend the pending Motion for arbitration. (See Docket). Defendants did not move for arbitration when Plaintiff counsel filed his Appearance for Ms. Burton on September 1, 2023. (Dkt. #61). Defendants did not file the Motion for arbitration when Ms. Burton became a full Plaintiff in the current Complaint on April 4, 2024. (Dkt. # 86). Nor did Defendants file a Motion for Arbitration enforcement at any time during discovery, rather Defendants took Plaintiff's deposition using the federal litigation system to conduct that discovery. Plaintiff Burton and Defendants conducted discovery, leading to this Motion by Plaintiff for partial Summary Judgment.

### PLAINTIFF ASKS THE COURT TO FIND THE DEFENDANTS SCANT RECORDS ARE UNRELIABLE

Plaintiff moves for Summary Judgment asking the court to find the Defendants' recordkeeping to be unreliable, thus allowing application of the Burden Shifting formula as established by **Mt. Clemmons**. Plaintiff moves for Judgment on this issue, in part, based on

Defendants admitted violations of the FLSA recordkeeping requirements. FLSA regulations require that all employers keep a record of the hours worked for EACH DAY. (See 29 C.F.R. § 516.2(a)(7). (Emphasis added). Here Defendants records failed to record the hours each day, rather the best Defendant can muster is a disputed record of alleged numbers of rooms cleaned.

The Defendants' records do not record the start time, end time, nor break times of the Plaintiff Burton's work hours. (PSOF #7). Defendants did not record the starting time for Plaintiff Burton. (PSOF #8). Defendants did not record the stopping time for Plaintiff Burton. (PSOF #9).

Defendants do not have the time records of the total hours Plaintiff was present and working at the motel. (PSOF #10). Defendants kept the work hours of Plaintiff Burton solely on "housekeeper sheets" which recorded only the number of rooms cleaned, and based only on the number of rooms cleaned to determine the payroll for Plaintiff Burton. (PSOF #11).

Defendants' "housekeeper sheets" only recorded the room, the guest and what services were provided, not any time entry (starting/ending/break). (PSOF #12). According to Defendants, Plaintiff's scheduled start time was 9:00 AM or 10:00 AM and that she began work at either 9 or 10 AM. (PSOF #13). However Defendants have no record of what time Plaintiff Burton began working on Plaintiff's first work day for the motel. (PSOF #14). Defendants have no record nor information if Plaintiff Burton took a lunch on Plaintiff's first work day at the motel. (PSOF #15)

On Plaintiff first work day, on February 1, 2021, Defendants have no record about what time Plaintiff Burton ended her work on Plaintiff's first work day at the motel. (PSOF #16). According to Defendants Plaintiff would work until "she finishes all her rooms, cleans all her rooms". (PSOF #17). Defendants have no means to verify if Plaintiff Burton was paid in full for all the hours she worked for Defendants. (PSOF #18).

## DEFENDANTS GUESSED THE AMOUNT OF WORK HOURS
## BUT HAS NO ACTUAL TIME RECORDS

Defendants' basis of the payroll for Plaintiff Burton was paying one hour for three rooms cleaned. (PSOF #19). Defendants paid Plaintiff Burton "by the hour" based only on an estimation of the work time, not actual recorded work hours with Defendant paying Plaintiff 20 minutes per room cleaned, not actual time worked. (PSOF #20).

Defendants would add up the number of rooms cleaned, and that (and that alone) was the basis for payroll for Plaintiff Burton. (PSOF #21). Defendants time keeping materials only record the alleged numbers of rooms cleaned by Plaintiff Julie Burton. (PSOF #22).

Defendant testified that Plaintiff Burton was paid hourly, but that the pay was not based on clocked hours, rather based on an estimate that the 'average time" to clean three rooms was one hour and therefore Defendants paid twenty minutes per room. ((PSOF #23)

## DEFENDANTS LACK RECORDS OF PLAINTIFF'S ACTUAL WORK HOURS

For Plaintiff's first day of work Defendants produced a record nine (9) rooms cleaned, but Defendants have no record of how many actual hours Plaintiff worked to do this cleaning of nine rooms. (PSOF #24). Defendant estimated that if Plaintiff came in at 1000 AM and had five rooms that she would be done working before 1200 PM, 11:30 or 11:45 AM. (PSOF #25). If Plaintiff Burton cleaned three rooms, she would be paid for an hour's work. (PSOF #26). Defendants paid Plaintiff Burton for all rooms, even "stay-over rooms" that did not require cleaning. (PSOF #27). According to Defendants if Plaintiff cleaned five rooms that would take approximately 1.5 hours and cleaning ten rooms would be double that, or 3 hours, or just over three hours. (PSOF #28). Defendant claims that Plaintiff Burton worked an equivalent of 27 hours and was paid at a rate of $10.50 per hour in an interrogatory answer. (PSOF #29). Defendant testified that Plaintiff Burton's net pay was $244.77 (PSOF #30) but Defendants have no idea the number of actual hours of work Plaintiff for this pay period. (PSOF #42).

7

For Plaintiff's first check Plaintiff was paid 20 hours, but Defendants have no idea nor record of the actual time Plaintiff worked in those three pay periods. (PSOF #43). Defendant agrees that if an employee works eight hours and cleans only five rooms, that paying just 5 X 20 minutes would not be full and legal compensation. (PSOF #44). Defendant Patel believes that he and employees are free to draft and agree to a contract that changes federal law. (PSOF #45).

The Plaintiff asks the court to find that the lack of Defendants recordkeeping as a matter of law, as it is undisputed is that Defendant has produced no employer records of the actual work hours of the Plaintiff. Defendants have also failed to produce records demonstrating the Plaintiff's start time for each work day, and the end times for each work day. (SOF ¶¶ 43-45).

Plaintiff's motion is not based on some vague notion of fairness and equity rather the request for Judgment that the Defendants records are unreliable is based on a requirement of all FLSA employers in that employers must keep a record of, inter alia, "[h]ours worked each workday. . . " 29 C.F.R. § 516.2(a)(7). (emphasis added).

Defendants lax record keeping is clearly in violation of FLSA regulations:

> **The regulations require employers to keep a primary set of records, which should include, *inter alia*, the "[h]ours worked each workday" (29 C.F.R. sec. 516.2(a)(7) (1981)), and supplementary records, which should include the "daily starting and stopping time of individual employees." (29 C.F.R. sec. 516.6(a)(1) (1981)).**

The lack of records also is in violation of IMWL regulations:

**516.6 Records to be preserved 2 years.**

> **(a) Supplementary basic records: Each employer required to maintain records under this part shall preserve for a period of at least 2 years.**
>
> **(1) *Basic employment and earnings records.* From the date of last entry, all basic time and earning cards or sheets on which are entered the <u>daily starting and stopping time of individual employees,</u> or of separate work forces, or the amounts of work accomplished by individual employees on a daily, weekly, or pay period basis (for example, units produced) when those amounts determine in whole or in part the pay period earnings or wages of those employees.**

8

**(2)** *Wage rate tables.* **From their last effective date, all tables or schedules of the employer which provide the piece rates or other rates used in computing straight-time earnings, wages, or salary, or overtime pay computation.**

**(b) Order, shipping, and billing records: From the last date of entry, the originals or true copies of all customer orders or invoices received, incoming or outgoing shipping or delivery records, as well as all bills of lading and all billings to customers (not including individual sales slips, cash register tapes or the like) which the employer retains or makes in the usual course of business operations.**

**(c) Records of additions to or deductions from wages paid:**

**(1) Those records relating to individual employees referred to in § 516.2(a)(10) and**

**(2) All records used by the employer in determining the original cost, operating and maintenance cost, and depreciation and interest charges, if such costs and charges are involved in the additions to or deductions from wages paid**.

These requirements are described in much greater detail in the US Department of Labor Fact Sheet #21. (USDOL Fact Sheet #21). In Fact Sheet 21 the USDOL states that the following is required recordkeeping records that must be maintained by the employer:

1. Employee's full name and social security number.
2. Address, including zip code.
3. Birth date, if younger than 19.
4. Sex and occupation.
5. Time and day of week when employee's workweek begins.
6. Hours worked each day.
7. Total hours worked each workweek.
8. Basis on which employee's wages are paid (e.g., "$9 per hour", "$440 a week", "piecework")
9. Regular hourly pay rate.
10. Total daily or weekly straight-time earnings.
11. Total overtime earnings for the workweek.
12. All additions to or deductions from the employee's wages.
13. Total wages paid each pay period.
14. Date of payment and the pay period covered by the payment.

Of these fourteen (14) requirements Defendants records admittedly fail to keep critical records for three (3) of the required records. Defendants fail to maintain any records for the following:

>    5. Time and day of week when employee's workweek begins.
>    6. Hours worked each day.
>    12.All additions to or deductions from the employee's wages.

Defendants have admitted they do not keep these critical records. Defendants do not maintain, and/or keep the records for the time and day of week when the employee work week begins. Defendants do not maintain the hours worked each day. (SOF ¶¶ 7-18).

While it is correct to say that Defendants kept some records, all of those records lack the key recordkeeping information: hours of work each day, breaks, start time and finish time. (Id).

Defendants FLSA "records" consistent of "rooms cleaned" documents. (SOF ¶¶ 11, 20-22). That is the sum total of ALL the documents the Defendants are using as proof of full payment and proof that records were maintained. What is missing from that list is any record to fulfill Fact Sheet item numbers 5, 6 and 12. For that Plaintiff asks the court to enter an Order finding the Defendants' recordkeeping to be unreliable.

Fact Sheet also states "The law requires this information to be accurate". Here Defendants records are not accurate, as they have NO record of days of work, hours of work each day, start and end times. (SOF ¶¶ 7-33).

Further Defendants are not excused due to the Defendants' method of assigning to the Plaintiff record keeping. Fact Sheet 21 also states:

> Employers may use any timekeeping method they choose. For example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. *Any timekeeping plan is acceptable as long as it is complete and accurate*.
> (emphasis added)

Thus having Plaintiff write down her hours is allowed, but that record must be kept and maintained for at least two or three years by Defendants. Here Defendants did not bother to record for a single day. (SOF ¶¶7-33).

The requirements for records keeping were recently addressed by the US Supreme Court in *Encino Motorcars., LLC.,* 136 S. Ct. 2117; 195 L. Ed. 2d 282 which found:

> Specifically, any employer with employees subject to the minimum wage or overtime provisions of the FLSA **must maintain and preserve records containing**

10

> **"[h]ours worked" each workday** and workweek, and the "[t]otal daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation." 29 C.F.R. § 516.2(a)(7)-(8). The Department of Labor has made compliance with those requirements easier by providing the necessary information in an accessible and digestible fact sheet. See Wage & Hour Div., U.S. Dep't of Labor, Fact Sheet #21: Record Keeping Requirements under the Fair Labor Standards Act (FLSA) (revised July 2008), http://www.dol.gov/whd/ regs/compliance/whdfs21.pdf.9 (Id at page 15(emphasis added))

Here Defendants failed to maintain those daily work hours and other records thus the Defendants' entire set of documents are disputed.

In general, "the significance of recordkeeping requirements in FLSA cases is not in determining the proper measure of damages but in setting respective burdens of proof on liability." *Mills v. State of Me.*, 853 F. Supp. 551, 552–53 (D. Me. 1994) (citing *Secretary of Labor v. DeSisto,* 929 F.2d 789, 792 (1st Cir. 1991)). "An employee who proves that the relevant records kept by the employer are unreliable is held to a less stringent standard of proof in establishing damages for unpaid overtime compensation under the FLSA." *Andrews v. Weatherproofing Techs., Inc.,* 277 F. Supp. 3d 141 (D. Mass. 2017) (citation omitted). Failure to keep adequate records constitutes a violation of the FLSA. 29 U.S.C. § 215(a)(5).

Further this burden shifting has been applied locally by other District Court Judges. In *Perez v. Super Maid*, the Honorable District Judge John J. Tharp wrote:

> As already noted, the Secretary's ability to calculate the minimum wage and overtime shortfalls was substantially hampered by Supermaid's failure to maintain and produce adequate records. The FLSA requires covered employers to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). An employer's failure to do so shifts the burden of proof concerning back wage liability to the employer**. Perez v. Super Maid, LLC**, No. 11 C 07485. At page 10; 55 F.Supp.3d 1065 (ND Il. (Tharp) 2014) citing to **Anderson v. Mt. Clemens Pottery Co.,** 328 U.S. 680, 686-87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); **Wirtz v. Turner,** 330 F.2d 11, 13-14 (7th Cir.1964)

11

Plaintiff asks the court to find Defendants failed to fulfill their record keeping requirements ie: the first element of the *Mt. Clemmons* burden shifting, that the Defendants records are insufficient, thus the burden shifting applies.

## INDIVIDUAL LIABILITY

Plaintiff Burton also asks this Court to enter a Finding that the individual Defendant, Kalpesh S. Patel is found to be an "employer" pursuant to the FLSA and IMWL.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts assess the "economic reality" of the working relationship to determine whether an individual or entity is an employer under the FLSA. *Berger v. Nat'l Collegiate Athletic Assoc.,* 843 F.3d 285 at 290 (7th Cir. 2016). Relevant factors in assessing the economic reality of the relationship include: "'(1) the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.'" *Foday v. Air Check, Inc.*, 15-cv-10205, 2018 WL 3970142, at *3 (N.D. Ill. Aug. 20, 2018) (quoting *Deschepper.*, 84 F.Supp.3d 767, 778 (N.D. Ill. 2015)).

Here Defendants have admitted all these facts; Kalpesh S. Patel hired Plaintiff, scheduled the Plaintiff, supervised Plaintiff and oversaw her payments. (PSOF ¶¶ 34-36). Individual Defendant Patel implemented and oversaw the Defendants' wage practices. (PSOF ¶¶ 37-38).

Defendant Kalpesh S. Patel was responsible for the day-to-day operations, had power and authority to hire fire and promote Plaintiff. (PSOF ¶ 39). Applying these facts to the above described test leaves no conclusion but that Defendant Kalpesh S. Patel is an Employer under the FLSA. Thus Plaintiff asks the court for find Defendant Kalpesh S. Patel an Employer pursuant to the FLSA.

Plaintiff also asks the same for the IMWL. The IMWL subjects individuals with sufficient control over a business to personal liability for violations of the IMWL. *Cho v. Maru Restaurant, Inc.*, 194 F.Supp.3d 700, 704 (N.D. Ill. 2016). Here the same facts cited above, regarding control of Plaintiff, also applied and should result in finding that Kalpesh S. Patel is an employer pursuit to the IMWL. (PSOF #33-37).

### Plaintiff Burton asks for Judgment that Defendants paid her Wages in Violation of the Rules requiring a Seven Day Payment Period

Plaintiff also has a claim that Defendants did not pay wages based on a seven (7) day pay period. (PSOF #40). FLSA/IMWL regulations require payment based on a seven day pay period as found in the following citations:

> **[C]ourts uniformly calculate the hourly wage over the course of a workweek— *i.e.,* dividing the total compensation an employee received in a workweek by the compensable hours worked. Although the Seventh Circuit has not expressly addressed this issue, every circuit court that has considered the issue has utilized the workweek averaging approach to determine whether a FLSA violation occurred.** *Hughes v. Scarlett's G.P., Inc.*, 2016 WL 4179153, at *2 (N.D. Ill. Aug. 8, 2016).

> **An employee's workweek is a fixed and regularly recurring period of 168 hours - seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day. For purposes of computing pay due under the Fair Labor Standards Act, a single workweek may be established for a plant or other establishment as a whole or different workweeks may be established for different employees or groups of employees. Once the beginning time of an employee's workweek is established, it remains fixed regardless of the schedule of hours worked by him. The beginning of the workweek may be changed if the change is intended to be permanent and is not designed to evade the overtime requirements of the Act. The proper method of computing overtime pay in a period in which a change in the time of commencement of the workweek is made, is discussed in §§ 778.301 and 778.302.**

> **Determining the workweek § 778.105.**

Defendants Answer denied that Defendants paid in violation of the seven day payment rule. (see Answer ¶¶ 2 and 41). (PSOF # 41). Yet when deposed the Defendants testified that Plaintiff was paid in violation of the seven-day rule as follows:

13

**The second paycheck for Ms. Burton is**
**3 for 2/16 to 2/28 of 2021, correct?**
**4 A. Yes.**
**5 Q. And so this particular paycheck covers**
**6 the seven-day period of the 16th through the**
**7 22nd, correct?**
**8 A. Yeah.**
**9 Q. And then the -- then there is a six-day**
**10 period of 23rd to the 28th, correct?**
  **11 . Yes. (PSOF #43).**

Additionally Defendants testified that Plaintiff's first paycheck was for 2/1/21 to 2/15/21 which paid Plaintiff for three pay periods in a single check; two seven day pay periods and one single "Stand alone" day. (PSOF # 42). Thus clearly Defendants pay method is undisputedly in violation of the seven-day rule. Plaintiff Burton asks for a Finding that Defendants practice is in violation of the seven-day pay rule.

### Judgment for Revels

Defendants made Offers of Judgment to the Marie Revels and Cherie Revels. (PSOF #46). Plaintiffs' Felicia Marie Revels and Cherie Revels accepted those offers of Judgement. (PSOF #48). Plaintiffs ask that Judgment be entered for Felicia Marie Revels and Cherie Revels.

The offers of Judgement included offers to pay the Fees and Costs for the Plaintiffs. (PSOF #48). Based on this offer and acceptance, the Revel Plaintiffs also ask that their counsel be allowed to file a Fee Petition and Cost Petition. The lack of a Fee and Cost Petition is shown by the lack of any such document on the entire Docket for this federal case. (See Docket). Also absent is any settlement, agreement or other resolution of the Fee and Cost issue for the Revels. Thus Plaintiffs ask the court to allow for a Fee petition and a cost petition at this time.

### CONCLUSION

In summary Plaintiffs ask for the following Findings 1) that Defendants time keeping records for Plaintiff Burton are unreliable. Allowing for Plaintiff Burton use of the Mt.

14

Clemmens Burden Shifting at trial. 2) Judgment that the individual Defendant Kalpesh S. Patel is an Employer under the FLSA. 3) Judgment that the individual Defendant Kalpesh S. Patel is an Employer under the IMWL. 4) Enter Judgement or a Finding that Defendants payment method violated the FLSA's seven day payment rule. 5) Judgement for Marie Revels and Cherie Revels pursuit to FRCP 68. 6) Enter an Order allowing Plaintiffs' counsel to file a Fee Petition pursuant to Local Rule for the Attorney work done for Marie Revels and Cherie Revels. 7) Enter an Order allowing Plaintiffs to file a Cost Petition pursuant to local rules and federal rules for the work done for Marie Revels and Cherie Revels.

WHEREFORE, Plaintiffs ask for Judgment as follows:

1. Enter a finding that Defendants time keeping records are unreliable for Plaintiff Burton; allowing for Plaintiff Burton use of the Mt. Clemmens Burden Shifting at trial.
2. Enter Judgement or a Finding that Defendants payment method violated the FLSA's seven day payment rule.
3. Enter Judgment that the individual Defendant Kalpesh S. Patel is an Employer under the FLSA.
4. Enter Judgment that the individual Defendant Kalpesh S. Patel is an Employer under the IMWL
5. Enter Judgement for Marie Revels and Cherie Revels pursuit to FRCP 68.
6. Enter an Order allowing Plaintiffs' counsel to file a Fee Petition pursuant to Local Rule for the Attorney work done for Marie Revels and Cherie Revels.
7. Enter an Order allowing Plaintiffs to file a Cost Petition pursuant to local rules and federal rules for the work done for Marie Revels and Cherie Revels.
8. Other remedies that are Just and Right;

Respectfully submitted,      By: _/S/ John C. Ireland __
                                              Attorney for Plaintiff
The Law Office of John C. Ireland
636 Spruce Streeet
South Elgin ILL  60177
630-464-9675
Attorneyireland@gmail.com   Attorney Number 6283137
Dated 6/30/25